George F. ONIFER, Petitioner–
Appellant,

v.

Zbigniew TYSZIEWICZ, Warden,
Respondent–Appellee.

No. 00–1276.

United States Court of Appeals,
Sixth Circuit.

May 14, 2001.

Before KENNEDY and DAUGHTREY,
Circuit Judges, and McKEAGUE,* 
District Judge.

PER CURIAM.

The petitioner, George F. Onifer, appeals from the district court's denial of habeas relief. Onifer is a Michigan state prisoner who was convicted in 1975 on charges of kidnaping, rape, and first-degree murder. He appealed the state court judgment unsuccessfully in the state courts, challenging his convictions—among other grounds—based on information that he received from police authorities in the early 1980's pursuant to the Michigan Freedom of Information Act. He then filed the instant petition in federal court, but it was dismissed on motion for summary judgment filed by the respondent, Warden Tysziewicz.

■ In reaching its decision to grant summary judgment, the district court invoked the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d), which provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

* The Hon. David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

(2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. In interpreting AEDPA's "unreasonable application" directive, the district court utilized the then-prevailing Sixth Circuit standard:

[T]he writ will issue if the unreasonableness of the state court's application of clearly established precedent is not debatable among reasonable jurists. The unreasonableness of the application will not be debatable if it is so offensive to the precedent, so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible outcomes.

*Tucker v. Prelesnik*, 181 F.3d 747, 753 (6th Cir.1999). Since the district court rendered its decision, however, this standard has been renounced by *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), in which the Supreme Court held that an "unreasonable application" of clearly established federal law occurs "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." 120 S.Ct. at 1523. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521. The change in the prevailing standard, however, does not affect the result in this case, because the district court declined to overturn the state court decisions based on its determination that Onifer's claims do not contravene constitutional law. We agree with this conclusion.

Onifer relies upon reports of the police officers who investigated his case to argue that the State violated his rights to due process. The reports contain statements made to police by certain witnesses that Onifer claims contradict statements by witnesses who testified at trial and thus create doubt about the prosecution's case. As recognized by the district court, Onifer's claims primarily raise the specter of *Brady* violations. Under the ruling in that case, "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

Based on the overwhelming evidence introduced at trial to establish the petitioner's guilt, the district court determined that pre-trial statements to the police were immaterial. After reviewing the parties' arguments, the evidence, and the resolution of the issues presented by the district court, we find Onifer's claims to be without merit. For this reason, and for the reasons set out in the district court's memorandum opinion filed on February 29, 2000, we Affirm the judgment of the district court denying habeas relief to the petitioner.